UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 17-12235-BKC-RAM

In re:

MARK ZHUK,

    Debtor.
_____/

**DEBTOR'S RESPONSE TO CREDITOR/FORMER WIFE, ALISON ZHUK'S MOTION FOR RECONSIDERATION OF ORDER ENFORCING AUTOMATIC STAY OR IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY TO HAVE THE FAMILY COURT DETERMINE DOMESTIC SUPPORT OBLIGATIONS**

Mark Zhuk, (the "Debtor") hereby submits this response in opposition to *Creditor/Former Wife, Alison Zhuk's Motion for Reconsideration of Order Enforcing Automatic Stay (DE 54), or in the Alternative, Motion for Relief from Stay to Have the Family Court Determine Domestic Support Obligations* [ECF No. 73] (collectively, the "Motion"). In support hereof, the Debtor respectfully represents:

**BACKGROUND**

On February 24, 2017, (the "Petition Date"), the Debtor filed *pro se* a petition for relief under chapter 7 of title 11 of the Bankruptcy Code in this case in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Court"). [ECF No. 1]. This bankruptcy case was dismissed on March 9, 2017 due to the failure of the Debtor as *pro se* to file the creditor matrix. Pursuant to the Debtor's motion, this case was reinstated under chapter 7 pursuant to the Court's order dated March 21, 2017. [ECF No. 27] Pursuant to the Debtor's motion to convert, this case was converted to be a case under

1

chapter 13 pursuant to the Court's order dated March 21, 2017. [ECF No. 28]

State Family Court Contempt Motion

On February 27, 2017, Alison Zhuk (the "Former Wife"), despite notice of the Debtor's bankruptcy case and the imposition of the automatic stay, proceeded on her contempt motion in the state court dissolution of marriage case 12-01203 (FC) 16 (the "State Court Case") pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "State Court").  The involved State Court held a hearing on the Former Wife's motion to enforce the marital settlement agreement regarding a $100,000.00 installment payment.

The State Court entered its *Order Granting Former Wife's Motion for Contempt* (the "Contempt Order") on March 13, 2017, holding the Debtor in contempt and providing for the Debtor to be taken into custody and jailed unless he paid the Former Wife $100,000 owed under the martial settlement agreement in the State Court Case. In the Contempt Order, the State Court did not address or make any finding as to the issue of the automatic stay of bankruptcy and did not make a finding that the involved amount was a domestic support obligation under 11 U.S.C. § 101(14A).

Motion to Enforce Stay

On March 29, 2017, the Debtor filed his *Debtor's Motion for Enforcement of the Automatic Stay* (the "Motion to Enforce Stay') [ECF No. 35 On April 18, 2017, the Court held a hearing on the Motion to Enforce Stay.

On April 24, 2017, the Court's *Order Enforcing Automatic Stay* (the "Enforcement Order") was entered granting the Motion to Enforce Stay. [ECF No. 54] In the Enforcement Order,  the Court found that the involved State Court Case contempt hearing was after the filing of this case and before it was dismissed. The Court therefore found that the hearing on the

2

Former Spouse's motion for contempt in the State Court Case was held in violation of the automatic stay and that the order entered pursuant to such hearing was also in violation of the automatic stay. Also in the Enforcement Oder, this Court held that (i) the involved State Court Case Contempt Order is void and may not be enforced by the Former Wife and that (ii.) such State Court Case is stayed.

Former Spouse's Motion

On June 13, 2017, the Former Spouse filed the Motion [ECF No. 73], seeking (i.) reconsideration of the *Order Enforcing Automatic Stay* or in the alternative (ii) abstention and relief from the automatic stay to have the state family court determine whether the involved claim is a "domestic support obligation" pursuant to 11 U.S.C. §101(14A).

Adversary Proceeding

On July 10, 2017, the Debtor filed his adversary proceeding complaint in case 17-12235-RAM to determine the status and dischargeability of the Former Wife's claim against the Debtor.

## RESPONSE

### A. Motion for Reconsideration

The Former Wife's has filed a motion for reconsideration of the Court's Enforcement Order. The Federal Rules of Civil Procedure (the "Federal Rules") as made applicable to this case under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") do not provide for a "motion for reconsideration." *Hatfield v. Board of County Comm'rs*, 52 F.3d 85 (10th Cir. 1995).

Courts may construe a motion for reconsideration under the standard set forth in Federal Rule 59(e) "to alter or amend" made applicable under Bankruptcy Rule 9023 and under Federal

3

Rule 60(b) "relief from judgment", made applicable under Bankruptcy Rule 9024. *In re Full Gospel Assembly*, 371 B.R. 559, 561 (Bankr. S.D. Florida 2007).

Which rule applies depends on the timing of the service of the motion to reconsider. *Id* at 562. Courts construe motions for reconsideration pursuant to Rule 59(e) if the motion is filed within 28 days of the trial court's entry of judgment and construe such motions as seeking relief from judgment pursuant to Rule 60(b) if the motions are filed more than 28 days after the trial court's entry of judgment. *Cortes v. Burset*, 319 F.R.D. 56 (D.C. Puerto Rico 2016). Pursuant to Bankruptcy Rule 9023, the time period is 14 days instead of the 28 day period under the Federal Rules.

### B. Motion for Reconsideration Not Timely Under Bankruptcy Rule 9023

The Former Wife's motion to reconsider is not eligible for consideration under Federal Rule 59(e) as it was not timely filed within the 14 day period set forth in Bankruptcy Rule 9023. The Enforcement Order was entered on April 24, 2017 and the motion to reconsider was not filed until June 13, 2017, which was well beyond 14 days.[1]

### C. Motion for Reconsideration Under Bankruptcy Rule 9024

As the motion for reconsideration is not timely under Bankruptcy Rule 9023, it would be considered under Bankruptcy Rule 9024 which applies Federal Rule 60. Federal Rule 60 (b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;

---

[1] Even if the Former Wife's motion for reconsideration had been timely filed, the Former Wife fails to meet her burden of establishing cause for reconsideration. Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). Reconsideration of an order under Rule 59 is only appropriate where there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) clear or manifest injustice. *Beepot v. JP Morgan Chase Nat'l Corp. Servs,* 626 Fed. App'x 935, 938-39 (11th Cir. 2015).

4

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Lack of Qualification Under 60 (b)(2)

The Former Wife does not specify which section of Federal Rule 60 (b) under which she is proceeding, but apparently purports to be proceeding under Federal Rule 60 (b)(2) for newly discovered evidence as in paragraph 18 of the Motion, Former Wife states that she

> moves for reconsideration . . . on grounds that the transcript of the February 27th hearing before the Family Court – which had not been transcribed and was not available to the undersigned as of the April 18th hearing on Debtor's Motion to Enforce Stay. . .

The 11th Circuit Court of Appeals has stated that the test for Rule 60 (b)(2) relief is as follows:

> For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

*Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

The Former Wife's motion to reconsider does not qualify under Federal Rule 60 (b)(2) under the 11th Circuit's *Waddell* test. The transcript was not "newly discovered." The Former Wife and/or her counsel were present at the February 27, 2017 hearing and knew from that time what transpired at the hearing and that a transcript could be obtained. The Former Wife also did not exercise "due diligence" to obtain the transcript prior to the April 18th hearing in bankruptcy court.

5

The transcript is "merely cumulative" as it was not disputed that the State Court knew of the bankruptcy filing at the time of the hearing. The evidence in the transcript is also not "material" and would not produce a new result in a new trial as it does not detract from the Court's ruling that there was a violation of the automatic stay and that the State Court Contempt Order is void.

### D. No Other Basis for Consideration of Motion to Reconsideration

There are no other grounds for the Former Wife to justify consideration by the Court of her motion to reconsider as the Court's ruling that there was a violation of the automatic stay and that the Contempt Order is void is correct. The Former Wife appears to argue that this Court should defer to the State Court's supposed determination that the proceeding was not barred by the automatic stay.[2]

State Court Violation of the Automatic Stay is Void

The automatic stay is self-executing and is effective upon the filing of the bankruptcy petition. *Mokuba N.Y. LLC v. Pitts (In re Pitts),* 2009 Bankr. LEXIS 4023 *8, 2009 WL 2807615 (Bankr. E.D. N.Y. 2009)(citing *In re Gruntz,* 202 F.3d 1074, 1081 (9th Cir., 2000).The injunctive nature of the automatic stay imposes on the affect parties an obligation to obey such decree until it is modified or reversed, even if there are grounds to object to the order. *Id.* Any action taken in violation of the automatic stay, even if such action is a judicial proceeding is void and of no force and effect. *Id.* (citing *Kalb v. Feurestein,* 308 U.S. 433, 439, 60 S.Ct. 343 (1940). Such act by a court in violation of the stay is not entitled to full faith and credit in the federal courts. *Id.* (citing *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 482-483 (1982).

---

[2] In fact, as noted above, the State Court apparently did not even make such a determination as per the transcript and its Contempt Order.

Bankruptcy Court Has Final Say

The ultimate determination of whether the automatic stay applies to a non-bankruptcy action lies with the bankruptcy court which originally issued the automatic stay injunction. *Id.* (citing *Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litigation)*, 765 F.2d at 346, 348-49 (2d Cir. 1985) and *In re Conference of African Union First Colored Methodist Protestant Church,* 184 B.R. 207, 216 (Bankr. D. Del. 1995)). "[T]he federal courts must have the final word on 'the scope and applicability of the automatic stay' with respect to a given course of conduct so as to prevent an inadvertent state court modification of a federal injunction under § 362 (d) – an injunction intended to preserve a federal court's exclusive jurisdiction over the *in rem* proceeding that is the bankruptcy 'case' under 28 U.S.C. § 1334(a)" *In re Mid-City Parking, Inc.,* 332 B.R. 798, 802, 2005 Bankr. LEXIS 2080 *4 (Bankr. N.D. Ill. 2005) (citing *Gruntz. v. County of Los Angeles (In re Gruntz)* 202 F.3d 1074, 1082-84 (9th Cir. 2000)). "Granting to the bankruptcy court the final say as to whether the automatic stay applies to an action pending in another court is also consistent with the bankruptcy court's power to enforce its own injunctions under the Supremacy Clause." *Id.* (citing *In re Mid-City Parking, Inc.* 332 B.R. 798 (Bankr. N.D. Ill. 2005)).

Even if the State Court had made a determination regarding the automatic stay, which it did not, this Court has the authority to review the decision by the State Court and if this Court disagrees with the ruling, to determine on its own the extent to which the automatic stay applies with respect to any action of the State Court Case. "[C]ollateral challenges to a state court's automatic-stay determination are not forbidden by the *Rooker-Feldman* doctrine, because the bankruptcy court is viewed as enforcing its own injunction pursuant to the Supremacy Clause

rather than conducting unauthorize appellate review of a state court order." *In re Mid-City Parking, Inc.,* 332 B.R. at 805, 2005 Bankr. LEXIS 2080 at *11.

### E. Motion for Abstention and Stay Relief

Former Wife moves "in the alternative" for abstention and stay relief to allow the State Court to "determine the nature of Debtor/Former Husband Mark Zhuk's … domestic support obligations pursuant to the Marital Settlement Agreement." The Former Wife does not specify the statutory provision or other authority upon which she bases her request for abstention and stay relief.

The facts and circumstances of this case do not support the Former Wife's motion for abstention or relief from the stay. This case involves a determination under federal law whether the $200,000.00 obligation constitutes a "domestic support obligation" under 11 U.S.C. § 101 (14A). This is not a state law domestic relations matter for which federal courts would abstain. In fact, such is a purely federal bankruptcy law issue for which the state court would have no expertise.

There is further no basis for abstention here as the State Court has no particular familiarity in this case as the obligation arose by a marital settlement agreement and not as a result of a trial heard before the State Court.

### CONCLUSION

WHEREFORE, based on the foregoing, the Debtor respectfully requests entry of an order denying the Motion and granting such other and further relief as is just.

Dated: July 9, 2017

JORDAN E. BUBLICK, P.A.

/s/ Jordan E. Bublick
Jordan E. Bublick (Fla. Bar No. 381624)
1801 N.E. 123rd St., Suite 314
P.O. Box 545941
North Miami, FL 33154-5941
Telephone: (305) 891-4055
Fax: (305) 503-7231
Email: jbublick@bublicklaw.com

*Attorney for the Debtor*